Judge Mills
delivered the opinion.
Randolph Adams brought his action of debt, stating on the face of the declaration that he sued for the use. of the Bank of Barboumilie, against Benjamin Tuggle o» a note executed by'Toggle the plaintiff in error, to Adams the defendant, negotiable and payable at the aforesaid bank on jts face. The plaintiff in error craved oyer of the note and pleaded as follows, to wit :
“ That he made and executed said note, to the plaintiff in consideration of the plaintiff’s agreeing to endorse the same as his security with the intent that the defendant should procure the same to be negotiated in the bat k of Barboorsville, for the sole use and benefit of the plahuff, and no other cause or consideration. And that aMerwards^ on the day of the date of said note, the said plaintiff did endorse the said note as the defendant’s security with the in-lent aforesaid and for no other cause and consideration, and therefore the defendant did, on the same day and year, procure the said note to be negotiated in the said bank for the use and benefit of the plaintiff, whertby the said note became the property of the presiden:, directors and company of said, bank atore,said, and the right to demand and- *430 reeeive the money in the said note mentioned accrued to, and became vested in them.”
A note dis-fcounied m as- ⅛> sumes the di . G-í) i«t'a fOivisjn o;H, bu íhe con-sidera. ioti lD-ty be con-té . d ba-twi*-.' che innoe.iiuie p»rhes, and /\i' noie made by th*- p*ynr, and loaned fot' the ac-commodation of the , the cannot '3&$$htain an action there-0⅞ in his own name, if it has been ne¿ gotiated the bank ¿¡one can maintain the suit against payor
After a note has been negotiated the co-sideration thereof/. \yh 1st the property of the bunk.cuti-not be quesr tioned by tho. payor.
To this plea 1 there was ,a demurrer and joinder. The court below sustained the demurrer and gave judgment' for fbe plaintiff,' below ; and the sole question presented for the decision of this court is the validity of the plea, as no objections are perceived to the declaration.
if this note was discounted by the bank it was thereby according to the statute incorporating the bank, raised io the dignity of a bill ot exchange, and it is a well settled principle that tbe consideration of foreign bills may be contested in a controversy between immediate parties, as between drawer ánd drawee, endorser and endorsee, or the draper and acceptor, and if it was drawn or indorsed for accommodation only, it is a good defence. If this note-then was made by tbe plaintiff in error for the benefit of the defendant in error, and loaned to bim to be negotiated in bank for the,benefit of the defendant in error, it'follows that the defendant in error, has no right, by suit for his benefit, to recover tbe amount of it from bim as a bili of exchange, and that it was competent for the defendant, by plea, to shew the fact, altlio’ the defendant in error might have been compelled to take up the note frota the bank by discharging its contents,
If this note was never discounted by the bank, it remains on the same footing of other notes, the consideration of which may be contested by plea ; and the detpnee set up, that the note was executed and loaned to the defendant in error, byway of accommodation only, mast be availing and good against tile note. Taking this suit then as the suit of the defendant in error only, and as ail attempt on bis part to recover the amount from the plaintiff in error, the defence u deemed availing.
We do not conceive that the suit, being brought for the nse of the batik, can vary this ease. This is but suggestion and not a traversable averment. But the plaintiff in error has proceeded in ids pica to alledge that the note was actually negotiated for the benefit'of the defendant in error, and that the title thereof is in the bank. .
If the bank held only tbe equity of this note it might be a question, as tbe suit is brought for the use of the bank, and as the plaintiff in error has admitted by his demurrer that the bank holds it, borifac. the court ought to protect that equitable interest by guarding it against a defence 3ét *431 inpfey the plaintiff in error, which lie could make against thedcfendant, but could not set up against the hank itself. For it is clear (hat he could not avail himself ofthe mast, of consideration existing between him and t he pajee ofthe. note, against the bank, a bona fide holder of the paper,, standing, after it was discounted, on.¡lie-grade of a foreign.bill. It is true that an endorsement of a bill in blank couriers an authority to the holder to fill up the endorsement ; bu! before this authority is executed, a«d the indorsement filled, the holder is said, in some esses, not to have the. legal right to the hill. 1-2 Mod. 192. Bradford vs. Ross. 3 Bibb. 238. And if this was the situation of the present note, (be question of protecting the equity of tbe bank might occur. And 'we might then have to decide how far-the bank, because she assumed the name of the defendant in error, ought to s and in his place, and abide a defence-good against him ; and how far it would be expedient for. a court of law to go, in protecting an equity held by a par-tj, who bad it in bis-power to-assume at once the legal title, by filling up the indorsement, and that filling would have relation to the time he had actually bought the iostrument. But waving these questions as not necessarr to be now decided, there is over craved of this note and it is spread upon the record, but no over is craved or given cf the endoisement. The clerk has copied a ¡.'apar into another part of the record with endorsements stating it to he the note on which the suit is founded. But he had no au-thoritr to make the endorsements or note a part of the ire-cord, without it is brought upon it by over, bill of excep-lions, demurrer to evidence, agreed case, special verdict, or some other way bs order of the court. Unless this been done, (¡¡is court cannot take notice of lite endorse- . , - , , , i ■ i • meats as anv par! or ¡he record, and must decide this cesa on the plea by inquiring whether the allegations of the plea are susBcicnt to shew that tbe legal right to this paper in the bank, I’he plea alledges, that the defendant in ror “ did end irse the note as bis security⅛” and,. “ did procure it to be negotiated in bank” for his use and benefit, whereby the note became the property.of tin* president* diVictors and company and that the “■ right to demand ami receive tile money, acervad ¡o, and became'vested' in them,” These averments ai« too strong to mean any thing less, than that the. hank, has the absolute ownership *432 of the note ; and, if so, the bank must sue, and the tfe-•' feodánt could not.
Tbo* . ⅛¾" jj| k' recoid may copy into it tb®. note oij mfly ⅛ ⅛* - brought ⅜⅛ tbe endorse-^"the'cdurt cannot notice c\,tber unless made^pwt ofthe record oyer, &c. buí ,ot! averi ment m a pjea that th& note is the ■ tija pl’fU' wilt be attended to^& p!e ptainnff will be pre-cilu,.eri fren» theTactionta tisownnsnife A msn holding a note made -o himself' ’3 prima jfac a e i-tlenee that lie is die owner and lie may strike oui the endorsements, but this does not prevent the payor from shewing’ that the note is really the property of one of the endorsers.
It is true, it is decided bv this court in the case of Bell vs. Morehead, fall term, 1820, that the bare holding of a note is evidence of property, and that the bolder, under sueh circumstances, may strike out the subsequent endorsements. But the possession only affords prima facie evidence, and does not preclude the opposite party froth shéwing, lliat the title is in those subsequent indorsers, whose names were stricken from the bill, and thereby defeating the action The plaintiff in error having shew this by bis plea, it must be a good defence while it remains on-contradicted Taking this note then as either the property of the defendant in error, or of the bank, the plaintiff in error has shfewn enough to defeat the action.
The judgment must therefore be reversed with costs and the cause remanded, with directions to thfe court below to overrule the demurrer, Unless the plaintiff in that court shall tender a good replication and ask leave to withdraw it. Crittenden, for plaintiff, Bibb, for defendant.